

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2009

# Toy v. Plumbers

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3489

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Toy v. Plumbers" (2009). *2009 Decisions.* Paper 1732.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1732

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-3489, 07-3515
_____

MARTHA JANE TOY, individually, and as Executrix of the Estate of RUSSELL TOY,
*Appellant/Cross Appellee*,

v.

PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, TRUSTEES
OF PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN,
HEALTH & WELFARE PLAN, LOCAL NO. 74 WELFARE BENEFIT PLAN, LOCAL
NO. 74 LIFE INSURANCE PLAN, ADMINISTRATORS OF WELFARE AND
INSURANCE PLANS, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION
NO. 74 WELFARE PLAN, TRUSTEES/PLAN ADMINISTRATORS OF WELFARE
PLANS, INSURANCE PLANS, AND HEALTH PLANS,
*Appellees/Cross Appellants*.

Appeal from the United States District Court
for the District of Delaware
Civil No. 05-cv-0760
(Honorable Joseph J. Farnan, Jr.)

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 8, 2008

Before: McKEE, SMITH, and ROTH Circuit Judges.

(Opinion Filed: March 18, 2009)


OPINION


McKEE, Circuit Judge

Martha Jane Toy appeals the district court's order denying her motion for reconsideration of the court's dismissal of Toy's complaint and granting partial summary judgment in favor of the defendants. Defendants have cross appealed the court's denial of their motion for attorneys' fees under 29 U.S.C. § 1132(g)(1) and/or 28 U.S.C. § 1927. For the reasons that follow, we will affirm in part and reverse in part, and remand for further proceedings.

## I.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Inasmuch as we write primarily for the parties who are familiar with this case, we need not recite the facts or procedural background except insofar as may be helpful to our brief discussion.

We review the court's denial of attorneys' fees under ERISA § 502(g)(1), as well as its denial of a motion for reconsideration, for abuse of discretion. *See Ellison v. Shenango, Inc. Pension Bd.*, 956 F.2d 1268, 1273 (3d Cir. 1992) and *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995) respectively. However, when the denial of reconsideration is predicated on an issue of law, our review is plenary; if it is based on a factual finding, we review for clear error. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999).

## II.

Motions for reconsideration are intended to allow a district court to correct manifest errors of law or fact, present newly discovered evidence, or to prevent manifest

2

injustice. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). They may be granted if the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Quinteros*, 176 F.3d at 677. Here, the district court held that Toy failed to put forth any legal theory or factual information that would justify reconsideration of the dismissal of her claim or the grant of partial summary judgment in favor of the defendants. We agree.

Toy has not cited any newly discovered evidence or legal precedent relevant to her breach of fiduciary duty claim or the court's application of Delaware's statute of limitations. Moreover, she does not even mention any manifest injustice that might require reconsideration of the court's order. Thus, we conclude that she is arguing that the district court's order was based on an error of law. We find no error.

*Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), plainly supports the district court's dismissal of Toy's breach of fiduciary duty claim. *Knudson* limits the remedies available under ERISA § 502(a)(3) to "equitable relief." *Id*. at 214. Therefore, demands for monetary compensation that are not addressed to a particular fund cannot be brought pursuant to this section. Such demands constitute legal, rather than equitable, remedies. *Id*. (allowing ERISA petitioners to claim access to funds by way of § 502(a)(3) only where "where money or property identified . . . could clearly be traced to

3

particular funds or property in the defendant's possession"). Toy seeks generally to "retain funds due" and "to allow transfer of said funds" for her benefit pursuant to § 502(a)(3). (Compl. ¶ 25, Appx. 82.) The district court correctly defined this as an unspecified request for a money judgment that cannot be traced to certain property or funds in the appellants' possession, and thoroughly explained why Toy's complaint did not state a claim under ERISA. *See Toy v. Plumbers & Pipefitters Local No. 74, Pension Plan,* 439 F. Supp. 2d 337, 342 (D. Del. 2006) (Plaintiff is recharacterizing her efforts to obtain a money judgment against the defendants as an equitable remedy. . . . (e)ven if the Court were to accept the characterization . . . as [a claim for] restitution, it would still be a claim 'to obtain a judgment imposing merely personal liability upon the defendant to pay a sum of money.'").

Similarly, the district court did not err in applying Delaware's statute of limitations. Although we have not specifically ruled on the issue, we find no fault with the district court's reliance on Supreme Court *dicta*, and guidance from our sister courts of appeals as well as our own analogous jurisprudence to determine which state's law applies when a case is transferred pursuant to 28 U.S.C. § 1406. *See*, *e.g.*, *Williams v. Bitner*, 455 F.3d 186, 191-92 (3d Cir. 2006)(endorsing district court use of decisions from other circuits and principles from existing Third Circuit case law in determining an unsettled area of law). We therefore uphold its ruling that the law of the transferee forum applies under the circumstances here.

4

# III.

In order to award attorneys' fees under 28 U.S.C. § 1927, a court must find that an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct. *In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*, 278 F.3d 175, 188 (3d Cir. 2002). A court must also find that a party demonstrated willful bad faith before ordering the imposition of attorneys' fees under § 1927. *Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191 (3d Cir.1989). We agree with the district court's conclusion that Toy's filing in Pennsylvania resulted from an effort to avail herself of the best possible legal outcome, rather than a desire to litigate without purpose and without regard to the merits. Accordingly, we hold that the district court did not abuse its discretion in refusing to award attorneys' fees pursuant to § 1927. The court correctly concluded that Toy's counsel should not be found "culpable for taking a losing position in the litigation." *Toy v. Plumbers & Pipefitters Local No. 74 Pension Plan*, 497 F. Supp. 2d 591, 596 (D. Del. 2007).

Nevertheless, we are concerned about the analysis the district court applied in deciding that attorneys fees are not warranted pursuant to 29 U.S.C. § 1132(g)(1). In *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir.1983), we listed five factors that must be addressed in determining if attorneys' fees are warranted under ERISA. However, here, the court only considered two of the five; the court considered whether

5

Toy demonstrated bad faith and the relative merits of the parties' positions. *Ursic* requires an analysis of the remaining factors as well. *See McPherson v. Employees' Pension Plan of Am. Re-Insurance Co., Inc.*, 33 F.3d 253, 254 (3d Cir.1994); *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1012 (3d Cir. 1992) ("[The district court] must articulate its considerations, its analysis, its reasons and its conclusions touching on each of the five factors delineated in *Ursic*."). Accordingly, we will remand for the district court to complete its *Ursic* analysis and to afford the court an opportunity to rule on the motion for attorneys' fees based on all of the *Ursic* factors.

## IV.

For the reasons set forth above, we will affirm the district court's order granting partial summary judgment to defendants and dismissing Toy's complaint for failure to state a claim. We will vacate the court's order denying attorneys' fees and will remand for further proceedings consistent with this opinion.